UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HANS CHRISTIAN ANDERSEN,

    Plaintiff,

v.                                      Case No. 8:10-cv-1290-T-23EAJ

OFFICE OF PUBLIC DEFENDER, et al.,

    Defendants.
                                              /

**O R D E R**

Andersen's civil rights complaint alleges that the defendants (his appointed public defenders) violated Andersen's rights when they coerced him into pleading guilty. Although entitled to a lenient construction, Haines v. Kerner, 404 U.S. 519 (1972) (per curiam), the complaint lacks merit.

The Prisoner Litigation Reform Act requires dismissal of an in forma pauperis prisoner's action "if the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e).

To assert a valid Section 1983 claim, a plaintiff must show that the defendant acted under color of law. "[M]ost rights secured by the Constitution are protected only against infringement by governments." Flagg Brothers Inc. v. Brooks, 436 U.S. 149, 156 (1978). See also Jackson v. Metro. Edison Co., 419 U.S. 345, 349 (1974) (The constitution offers no protection against private conduct, no matter how wrongful,

outrageous, or discriminatory.).  No defense counsel—whether publicly provided or privately retained—acts under color of law.  "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  Polk County v. Dobson 454 U.S. 312, 325 (1981).  Andersen's allegations are based on his counsel's actions while "performing a lawyer's traditional functions" as described in Dobson.  Therefore, Andersen's defense counsel were not acting under color of state law and are not liable under Section 1983.

Additionally, Andersen alleges that he was under several psychotic medications when he entered his plea.  Liberally construing the complaint, these facts question the validity of the plea.  When a state prisoner challenges the fact or duration of his confinement, a writ of habeas corpus is his exclusive federal remedy.  Preiser v. Rodriquez, 411 U.S. 475, 500 (1973).  This long-standing principle was affirmed in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

> We hold that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck requires dismissal of the civil rights complaint if a ruling in the plaintiff's favor questions the validity of the conviction or sentence.  Andersen has no Section 1983

2

claim unless and until he prevails on habeas corpus. "[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Heck v. Humphrey, 512 U.S. at 489-90.

Consequently, Andersen fails to state a claim for relief because the complaint fails to allege that the conviction was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." Heck v. Humphrey, 512 U.S. at 487. This dismissal is without prejudice to Andersen's re-filing a Section 1983 complaint after the conviction is invalidated.

Accordingly, this case is **DISMISSED** without prejudice. Andersen's claim against his defense counsel is precluded as a matter of law, and the complaint, to the extent it challenges the validity of his plea, is premature as a matter of law. The clerk close this case.

ORDERED in Tampa, Florida, on June 16, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE